UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHAWN BERGER,

    Plaintiff,

v.                                                               Case No: 8:16-cv-3020-T-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## **ORDER**

Plaintiff, Shawn Berger, seeks judicial review of the denial of his claim for supplemental security income. As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the decision is affirmed.

## **BACKGROUND**

### **A.    Procedural Background**

Plaintiff filed an application for supplemental security income on August 26, 2008. (Tr. 271–74.) The Commissioner denied Plaintiff's claims both initially and upon reconsideration. (Tr. 97–98, 145–46.) Upon Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified. (Tr. 70–96.) Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits. (Tr. 107–123.) On appeal, the Appeals Council vacated the ALJ's decision and remanded the case to the ALJ. (Tr. 126–29.) A second hearing was held before the ALJ (Tr. 33–69), and the ALJ issued an unfavorable decision finding Plaintiff not disabled. (Tr. 10–32.) On appeal, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. (Tr. 1–6.) On appeal, this Court

reversed the ALJ's decision and remanded to the ALJ for further proceedings. (Tr. 1340–56.) After a third hearing (Tr. 1264–1305), the ALJ issued another unfavorable decision. (Tr. 1231–59.) The Appeals Council declined review of the ALJ's decision. (Tr. 1214–19.) Plaintiff then timely filed a Complaint with this Court. (Dkt. 1.) The case is now ripe for review under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

**B.     Factual Background and the ALJ's Decision**

Plaintiff, who was born in 1971, claimed disability beginning on August 1, 2008. (Tr. 298.) Plaintiff has a limited education. (Tr. 1249.) Plaintiff's past relevant work experience included work as an auto detailer and an auto paint helper. (Tr. 1249.) Plaintiff alleged disability due to a mental problem, asthma, and a problem with his knee, hip, and ankle. (Tr. 303.)

In rendering the decision, the ALJ concluded that Plaintiff had not performed substantial gainful activity since August 26, 2008, the application date. (Tr. 1236.) After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: cervical and lumbar degenerative disc disease, degenerative joint disease of the left knee and right shoulder, chronic obstructive pulmonary disorder, asthma, bilateral shoulder impingement, bipolar disorder, and a history of alcohol abuse. (Tr. 1236.) Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 1237.) The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform less than the full range of sedentary work. (Tr. 1239.) Specifically, the ALJ found as follows:

> [Plaintiff] can lift and/or carry 10 pounds occasionally and less than 10 pounds frequently, stand and/or walk 2 hours in an 8 hour workday, and sit 6 hours in an 8 hour workday, with an option to stand for 5 minutes after every 30 minutes of sitting. His abilities to push/pull are limited to the weights given above. He is

limited to occasionally climbing, balancing, stooping, kneeling, crouching, and crawling, but he can never climb ladders, ropes, or scaffolds. He can occasionally reach in all directions, but can never reach overhead with the right, dominant upper extremity. He must avoid concentrated exposure to fumes, odors, dusts, gases, and poor ventilation, as well as hazardous machinery and unprotected heights. He is able to understand, remember, and carry out detailed, but not complex instructions. He can interact appropriately with supervisors and occasionally interact with coworkers and the general public. He is able to maintain attention and concentration for two hours at a time and adapt to routine changes in the workplace.

(Tr. 1239.) In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not fully credible. (Tr. 1240.)

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined that Plaintiff could not perform his past relevant work. (Tr. 1240.) Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a data checker, a scale attendant, and a medical supplies assembler. (Tr. 1249–50.) Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled. (Tr. 1250.)

**APPLICABLE STANDARDS**

To be entitled to benefits, a claimant must be disabled, meaning that the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical,

physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 416.920(a). Under this process, the ALJ must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; (3) whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and, (4) whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of the claimant's age, education, and work experience. 20 C.F.R. § 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); 20 C.F.R. § 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the

factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In reviewing the Commissioner's decision, the court may not decide the facts anew, reweigh the evidence, or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

**ANALYSIS**

Plaintiff challenges the ALJ's decision on the following grounds: (1) the ALJ erred in his credibility determination; and (2) the ALJ erred in his evaluation of opinion evidence. For the reasons that follow, these contentions do not warrant reversal.

### A. Credibility

When determining whether a claimant is disabled, in addition to objective record evidence, the ALJ must consider the claimant's symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 416.929. To evaluate whether a claimant has established disability through the claimant's testimony of pain and other subjective symptoms, the ALJ must apply the following test: first, whether there is evidence of an underlying medical condition and, second, whether there is objective medical evidence substantiating the severity of the pain from the condition or whether

the medical condition is of sufficient severity that it would reasonably be expected to produce the pain alleged. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991); *see* 20 C.F.R. § 416.929.

If an ALJ determines that the claimant's medical condition could reasonably be expected to produce the claimant's pain or other symptoms, the ALJ must then evaluate the intensity and persistence of the claimant's symptoms, including pain, to determine their effect on the claimant's capacity to work. 20 C.F.R. § 416.929(c)(1); *Klawinski v. Comm'r of Soc. Sec.*, 391 F. App'x 772, 776–77 (11th Cir. 2010). The ALJ considers all available evidence, including objective medical evidence, statements from the claimant, treating physicians, and non-treating physicians, and medical opinions. 20 C.F.R. § 416.929(c)(1)–(2). In addition to objective medical evidence, the ALJ considers other information claimant provides, such as (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication the claimant took to alleviate pain or other symptoms; (5) treatment, other than medication, the claimant received for relief of pain or other symptoms; and (6) any measures the claimant personally used to relieve pain or other symptoms. *Id.* § 416.929(c)(3).

Plaintiff argues that the ALJ's reasoning for finding his testimony about his pain not credible were inadequate. Specifically, Plaintiff contends that the ALJ's finding that Plaintiff's pain was alleviated is unsupported because these measures, including injections, "were only temporary," and the ALJ's finding that medication controlled Plaintiff's pain does not mean Plaintiff can perform work activities. (Dkt. 22 at 20–21.) In response, Defendant contends that the focus of the Court's inquiry is whether substantial evidence supports the ALJ's determination, not whether evidence supports Plaintiff's pain allegations, and that the ALJ considered the appropriate evidence and made a conclusion supported by substantial evidence. (Dkt. 25 at 6–9.)

The ALJ evaluated Plaintiff's testimony and allegations of pain and other symptoms at length in his decision. (Tr. 1240–46.) The ALJ began by acknowledging Plaintiff's medical history and impairments, specifically knee surgeries, neck fusion surgery, lower back surgery, lumbar fusion surgery, injection and ablation therapy, and evidence of mild to moderate degenerative disc disease. (Tr. 1240.) However, after reviewing evidence of Plaintiff's treatment history, the ALJ concluded while Plaintiff's "long history of musculoskeletal impairments" significantly limits Plaintiff's ability to function, "the evidence also shows improvement with treatment, which included pain medications, injections, and multiple surgeries." (Tr. 1245.) Further, treatment notes showed that Plaintiff's "pain was well controlled on medication except during acute exacerbations and immediately following surgical procedures (Exhibits 30F, 36F, 49F)," and that Plaintiff "reported significant relief" from injections and ablation therapy. (*Id.*) Further, evidence of Plaintiff's daily activities undermined his allegations regarding his limitations. (Tr. 1246.)

An ALJ's determination of the credibility of a claimant's testimony regarding subjective pain and other symptoms is entitled to deference and a reviewing court will not disturb a clearly-articulated credibility finding with substantial supporting evidence in the record. *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995). Thus, if an ALJ discredits a claimant's testimony, the ALJ must articulate, explicitly and adequately, reasons for not crediting the testimony. *Holt*, 921 F.2d at 1223–24. On appeal, "[t]he question is not . . . whether ALJ could have reasonably credited [claimant's pain] testimony, but whether the ALJ was clearly wrong to discredit it." *Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 938–39 (11th Cir. 2011) (finding that substantial evidence supported the ALJ's decision to discredit claimant's pain testimony because the testimony was inconsistent with claimant's testimony regarding his daily activities and with the records from his

treating and examining physicians, showing claimant was capable of doing light work); *Dyer v. Barnhart*, 395 F.3d 1206, 1212 (11th Cir. 2005) (reversing the district court's reversal of the ALJ because "the district court improperly reweighed the evidence and failed to give substantial deference to the Commissioner's decision" to discredit claimant's pain testimony).

The ALJ adequately articulated reasons for finding Plaintiff's allegations regarding his pain not credible, and this conclusion is supported by substantial evidence. *See Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992) (explaining that "[a]fter considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence."). As an initial matter, the ALJ considered appropriate evidence in reaching his credibility determination: evidence of Plaintiff's daily activities, objective evidence of Plaintiff's treatment for pain, and objective evidence of Plaintiff's treatment with pain medication. 20 C.F.R. § 416.929(c)(3). His finding regarding Plaintiff's daily activities is supported by Plaintiff's hearing testimony in which he described driving to see old friends and bosses a few times a week. (Tr. 1292.) Next, upon review of the evidence cited by the ALJ regarding Plaintiff's treatment with injections and ablation therapy (Tr. 1245) (citing Exs. 41F, 48F), the ALJ's finding is supported by substantial evidence. Specifically, Plaintiff reported "doing well and was improved" in July 2012 after epidural steroid injections. (Tr. 1553.) Plaintiff reported "better than 50% relief from pain symptoms for more than a week" in September and October 2012, and elected to continue receiving treatment. (Tr. 1488–89, 1492–93.) After treatment on his neck, he reported improvement in his pain in June 2013. (Tr. 1513.)

Regarding the medication treatment evidence cited by the ALJ (Tr. 1245) (citing Exs. 30F, 36F, and 49F), substantial evidence supports the ALJ's conclusion that Plaintiff's pain was controlled with medication. Specifically, Exhibit 30F contains treatment notes from late 2010

through early 2011 showing Plaintiff reporting pain and being prescribed different medications. (Tr. 1037–67.) Treatment notes from 2011 and 2012, contained in Exhibits 36F and 49F, show that Plaintiff was treated consistently with medication (Tr. 1146, 1149, 1154, 1156, 1170, 1173, 1176), reported that his pain was controlled on his medication regimen (Tr. 1137, 1157, 1866, 1872, 1875, 1877), and reported pain when his medications were discontinued (Tr. 1163, 1166). Further, as recently as June 2015, Plaintiff reported that "his pain is adequately and well controlled with his current medicine." (Tr. 1760.)

To the extent Plaintiff points to evidence showing that Plaintiff's pain relief was temporary (Tr. 1756, 1768), the Court is precluded from "re-weigh[ing] the evidence or substitut[ing] [its] judgment for that [of the Commissioner] . . . even if the evidence preponderates against" the decision. *Moore v. Barnhart*, 405 F.3d 1208, 1213 (11th Cir. 2005) (quoting *Bloodsworth*, 703 F.2d at 1239). Because the Court may not reweigh evidence or decide facts anew but instead must defer to the ALJ's decision if it is supported by substantial evidence, *Dyer*, 395 F.3d at 1210, Plaintiff's first contention does not warrant reversal.

B. **Opinions**

Plaintiff's final contention is that the ALJ erred in his evaluation of medical opinions. (Dkt. 22 at 23–25.) As an initial matter, regarding the opinions of Dr. Taha Dias and Dr. Eric Ranon, Plaintiff again argues that the ALJ cherry-picked evidence showing that Plaintiff's medications alleviated his pain while ignoring evidence showing that Plaintiff continued to struggle with pain. (Dkt. 22 at 23–24.) The Court has already determined that the ALJ properly evaluated Plaintiff's allegations of pain, including the evidence regarding his treatment with medication, *see* discussion *supra* Section A, and therefore these arguments are unavailing.

Next, while Plaintiff summarizes the ALJ's evaluations of the opinions of Dr. Donald Sachs and Dr. Barry Sitkoff, Plaintiff does raise any argument as to how the ALJ erred in these evaluations. As such, Plaintiff's statements are insufficient to raise issue with the ALJ's evaluation of the opinions of Dr. Sachs and Dr. Sitkoff on appeal. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("[A]n appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority."); *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012) ("A passing reference to an issue in a brief is not enough, and the failure to make arguments and cite authorities in support of an issue waives it.").

Further, while Plaintiff argues that the ALJ failed to mention the opinion of "Dr. Jackobson," (Dkt. 22 at 23), Plaintiff does not identify where this opinion is in the record in violation of the Court's Scheduling Order, nor does Plaintiff argue how this alleged error was not harmless. (Dkt. 17) (ordering that "all discrete challenges must be supported by specific citation to the pages of the record relied upon when discussing the pertinent facts, medical evidence, and opinion evidence and by citation to governing legal authority that supports each challenge. Any contention for which these requirements are not met is subject to being disregarded for insufficient development and denied without further consideration"). Accordingly, this conclusory argument is deemed abandoned and waived.

Plaintiff's remaining argument is that the ALJ erred in his evaluation of Dr. Ranon's and Dr. Dias's opinions by discrediting them based on a notation, in Dr. John Amann's treatment notes, regarding Plaintiff's gait and station. (Dkt. 22 at 24–25.) Specifically, Plaintiff argues as follows:

> Clearly, if Dr. Amann thought that [Plaintiff's] pain was insignificant, he would not have performed 3 back surgeries on him over the years in this case. Dr. Amann continuously noted painful areas and documented abnormal finding in his records, such as positive straight leg raising on the left side at 60 degrees, (R.p. 773) and

> sensory exam showed patchy hypesthesia in the left lower extremity. (R.p. 773).
> Thus, Dr. Amann's records supported all of the treating physician's opinions in this
> case by his own objective findings, and his treatment over the years of [Plaintiff].

(Dkt. 22 at 23–24.)

When assessing the medical evidence, the ALJ must state with particularity the weight afforded to different medical opinions and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). The medical opinions of a treating physician must be given substantial or considerable weight unless good cause is shown to the contrary. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004); *see also* 20 C.F.R. § 404.1527(c)(2). Good cause exists when the doctor's opinion is not bolstered by the evidence, the evidence supported a contrary finding, or the doctor's opinion is conclusory or inconsistent with his or her own medical records. *Winschel*, 631 F.3d at 1179.

Contrary to Plaintiff's argument, the ALJ properly evaluated the opinions of Dr. Dias and Dr. Ranon, and the evidence of Plaintiff's gait and station was not the ALJ's sole reason for giving them less than substantial weight. The ALJ evaluated Dr. Dias's opinions that Plaintiff could occasionally lift up to five pounds, sit, stand, and walk for thirty minutes at a time for a total of only one hour each day, never push or pull, and occasionally use his hands for simple grasping or fine manipulation, and was incapable of performing even low stress jobs, and Dr. Ranon's similar opinions that Plaintiff could lift less than five pounds occasionally, stand and walk less than one or two hours a day, sit less than two or three hours in a day, and had additional limitations with reaching, handling, feel, pushing, pulling, and being exposed to dust, noise, fumes, humidity, and vibration. (Tr. 1246, 1247) (citing Tr. 722–24, 1695–98.)

The ALJ gave these opinions less than substantial weight. (Tr. 1246, 1247.) While he acknowledged their longstanding treatment relationships with Plaintiff, he found the severity of the opined limitations inconsistent with these physicians' treatment records. (*Id.*) Specifically,

the ALJ reasoned that the physicians' treatment notes reflected tenderness and a decreased range of motion in Plaintiff's back and left knee, which did not support being limited to walking for only one or two hours per day; "positive straight leg raising," examination results; and treatment with pain medication. (*Id.*) Further, the ALJ discussed treatment notes by Dr. Amann showing that Plaintiff had a normal gait. (*Id.*)

Inconsistency with the physician's own treatment notes and other evidence are appropriate considerations in evaluating a treating physician's opinion. *Winschel*, 631 F.3d at 1179. Upon review of the evidence cited by the ALJ, the ALJ's decision is supported by substantial evidence: Dr. Amann noted Plaintiff's normal gait (Tr. 850, 859, 917, 977, 986, 1204, 1209, 1211), and Plaintiff was able to raise his legs straight upon examination by Dr. Dias (Tr. 1039, 1042, 1045, 1048, 1050, 1078, 1082, 1086, 1089, 1092, 1095, 1098). Further, the Court has already examined the sufficiency of the ALJ's evaluation of Dr. Dias's and Dr. Ronan's treatment notes (Exs. 30F, 36F, 49F). *See* discussion *supra* Section A. Accordingly, Plaintiff's final contention does not warrant reversal.

## CONCLUSION

Accordingly, after due consideration and for the foregoing reasons, it is

**ORDERED**:

1. The decision of the Commissioner is **AFFIRMED**.

2. The Clerk of Court is directed to enter final judgment in favor of the Commissioner

and close the case.

**DONE** and **ORDERED** in Tampa, Florida, on January 26, 2018.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record